IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES L. TIERNEY, III, <br><br> Plaintiff, <br><br> v. <br><br> PATRICK J. CONNAGHAN and <br> JILL M. HANLEY, <br><br> Defendants. | Case No. 3:20-CV-273-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Motion for Leave to Proceed *In Forma Pauperis* filed by Plaintiff James L. Tierney, III (Doc. 3). Tierney filed a *pro se* civil rights complaint on March 13, 2020, claiming that Defendants Patrick Connaghan, Clerk of the Probate Division of the Circuit Court of the City of St. Louis, Missouri, and Jill Hanley, Public Administrator, violated his civil rights in relation to his legal guardianship proceedings in the State of Missouri (Doc. 2). More specifically, Tierney claims that he has been a lifelong citizen of Illinois and, therefore, he "should not have been adjudicated in the State of Missouri because it is an improper venue and lack[s] jurisdiction." (*Id.*). He also asserts that Defendants have violated his constitutional rights by taking his freedom to decide where he wants to live, to spend his Social Security check, and to come and go as he pleases (*Id.*). In conjunction with his complaint, Tierney moves to proceed in federal court without prepayment of the required filing fees (Doc. 3).

Under 28 U.S.C. § 1915(a)(1), a federal court is authorized to permit an indigent

party to commence a civil action without prepaying the required fees if the party submits an affidavit that includes a statement of all assets he or she possesses and that demonstrates the party is unable to pay such fees. 28 U.S.C. § 1915(a)(1). Complete destitution is not required to proceed *in forma pauperis*; an affidavit demonstrating that the plaintiff cannot, because of his poverty, provide himself with the necessities of life is sufficient. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).

Under Section 1915(e)(2), the Court must also screen the indigent plaintiff's complaint and dismiss the complaint if it is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). Thus, resolution of the motion to proceed IFP requires the undersigned to review the allegations of the complaint.

In reviewing the complaint, the undersigned is aware that courts construe *pro se* claims generously. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). Furthermore, the Court must accept the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Nevertheless, this case must be dismissed for lack of subject matter jurisdiction.

Though presented as a civil rights case, Tierney appears to be contesting the 2013 appointment of a limited guardian due to his partial incapacity by the Probate Division of the Circuit Court of the City of St. Louis, the subsequent denials of his Petitions for Restoration, and/or the authority vested in the limited guardian to make medical and

residential placement decisions on his behalf.[1] On August 23, 2018, Defendant Jill Hanley was named Tierney's limited guardian.

At least two doctrines prohibit this Court from reviewing these decisions. First, the *Rooker-Feldman* doctrine, which recognizes that lower federal courts lack subject matter jurisdiction to review state-court judgments, precludes this Court from adjudicating Tierney's claims regarding the management of his affairs. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *M.G.S. ex rel. Sykes v. Toerpe*, No. 11 C 07934, 2012 WL 3235240, at *2–3 (N.D. Ill. Aug. 6, 2012). Even though Tierney asserts his civil rights were violated by Defendants' decisions, his claims are "inextricably intertwined with the state court adjudication of disability and its attendant consequences," and, thus, this Court is barred from reviewing them. *Sykes*, 2012 WL 3235240, at *2–3.

Second, even if the *Rooker-Feldman* doctrine did not apply, Tierney's claims would be barred by the probate exception to federal jurisdiction. *Struck v. Cook Cty. Pub. Guardian*, 508 F.3d 858, 860 (7th Cir. 2007). In *Struck*, the Seventh Circuit explained that the probate exception "precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Id.* That is because probate matters are *in rem* in nature. *Id.* "That is, they are fights over . . . a person in the court's control. And a court other than the one that controls the *res* . . . should not be permitted to elbow its way

---

[1] *In the Estate of James Tierney, III*, Estate No. 1322-PR00911 (St. Louis City Cir. Ct.); *Guar. Bank v. Chubb Corp.*, 538 F.3d 587, 591 (7th Cir. 2008) ("[A] court is of course entitled to take judicial notice of judicial proceedings.").

into such a fight." *Id.*; *Sykes*, 2012 WL 3235240, at *3 ("as unappealing as it sounds applied to a living person, [he] is the *res* in an *in-rem* proceeding—the contested guardianship case"). Moreover, state courts are proficient in probate matters and have "evolved procedures tailored to them," even employing specialized staff to provide ongoing managerial functions that Article III courts are simply not equipped to handle. *Id.*

In this case, like in *Struck*, the *res*—Tierney—is in the partial control of the limited guardian appointed by the state court (Defendant Hanley), and decisions concerning the administration of his affairs are Defendant Hanley's responsibility. It is the role of the Probate Division of the St. Louis City Circuit Court—not this Court—to supervise that administration.

For these reasons, the Complaint filed by Plaintiff James L. Tierney, III, is **DISMISSED with prejudice** for lack of subject matter jurisdiction. Tierney's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 3), Motion for Recruitment of Counsel (Doc. 4), and Motion for Service of Process at the Government's Expense (Doc. 5) are **DENIED as moot**. The Clerk of Court is **DIRECTED** to enter judgment and close this case.

**IT IS SO ORDERED.**

DATED:   April 16, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**